*J. J. Landrum, for appellant.*

---

HOME INS. CO., OF NEW YORK, *v.* JOHN C. GADDIS & CO., ET AL.

SAME *v.* MARY A. BOWEN, ET AL.

**Insurance Policy—Notice and Proof of Loss.**

When an insurance company refuses to pay a loss on other grounds than its failure to receive notice and proof of loss, and goes into court asking for a cancellation of the policy, it cannot justify itself by showing that proper proof had not been made of such loss.

Assignment of Policy.

> When a policy provides that "if this policy shall be assigned before a loss without the consent of the company indorsed hereon" the policy shall be void, it is held that although parties may agree that a contract reduced to writing shall not be modified unless the agreement for such modification be by writing, still a subsequent agreement by parol to modify will be valid; and where it is shown that the company, by its agent, agreed to the assignment of the policy by parol the company is bound by it.

### APPEAL FROM CAMPBELL CHANCERY COURT.

#### September 12, 1878.

OPINION BY JUDGE COFER :·

Each of the appellants made its answer in the consolidated actions of *Gaddis & Co. v. Mary A. Bowen and Mary J. Hickman* a cross-petition against Mrs. Hickman, and called upon her to set up any claim she had under the policies on the Cold Spring property, and asked that said policies be adjudged void and be canceled.

In these cross-petitions, which were filed in May, 1875, it was alleged that the property covered by the policies were destroyed by fire December 1, 1874, and that the assured had failed to give immediate notice of the loss, and to make out and furnish to the companies preliminary proofs of the loss as required by the policies, and that on account of such failure the policies had become void.

It was also alleged that the property insured did not belong to Mrs. Hickman, but was held by her in trust for her mother, Mrs. Bowen, and that Mrs. Hickman had concealed from the insurers divers incumbrances on the property which were unknown to them, and that the policies were on that account void.

They each made their answer a cross-petition against Mrs. Hickman and called upon her to set up her claim, and then prayed that the policies might be cancelled. In a separate answer to each of these cross-petitions Mrs. Hickman alleged that she did give notice to each of the companies immediately after the loss; and she also alleged facts intended to show that the furnishing of preliminary proofs required by the policies had been waived; she denied all allegations of fraud, and the alleged concealment of incumbrances on the property, and alleged that she disclosed fully and in good faith all existing liens. She made her answers counterclaims against the companies, and prayed for judgment against each for the amount of its policy.

To these answers replies were filed; a trial was had and judgments rendered in her favor as prayed for, and from these judgments these appeals are prosecuted. We need not enter into the question whether there was a waiver of the preliminary proofs by anything occurring prior to the filing of the cross-petitions by the appellants.

In their cross-petitions the companies assumed that it was then too late to make the preliminary proofs, and that as such proofs had not been made they were discharged from liability, and for this, among other reasons, sought to cancel the policies. The facts disclosed certainly excused an earlier presentation of the proofs, if they did not show a waiver of the right to insist upon such proofs being made at all, and having called upon the assured to assert her claim and at the same time asked to have the policies cancelled as no longer obligatory on them, they clearly cannot now be heard to say that the suits were premature, or to have them dismissed because the proofs were not made, and especially so when they distinctly refused to pay upon other grounds, and relying on these grounds have themselves come into court to have the policies cancelled.

By the terms of the policies the assured could not maintain actions thereon without making the required preliminary proofs, but when the companies denied their liability and refused to pay upon other grounds, which would not have been removed by such proofs, then the proofs would have been vain and futile, and therefore need not be made. It is a well settled principle of the law of contracts, as applicable to contracts of insurance as to any other class of contracts, that if one party to a contract gives notice that he will not perform his part such refusal is of itself a breach of the contract, and the other party in suing on it need not allege performance or readiness to perform conditions which he would have been otherwise required to perform or offer to perform before commencing suit. Bishop on Contracts, § 692.

The companies, having by their cross-petition given notice that they would not pay in any event, violated their contract, and the assured had a right to sue without furnishing the requisite preliminary proofs, or showing that its production had been otherwise waived. Upon the question whether the state of the title and the incumbrances on the property were truly stated to the agents of the companies, the evidence is conflicting. Mrs. Bowen, Mrs. Crews and Mrs. Hickman all swear that it was.

The agent for the Home and the Franklin does not distinctly deny

in his testimony that the incumbrances were made known to him. He admits that at least one was disclosed; and it is quite natural to infer that as the subject of incumbrances was discussed and one was disclosed, all were disclosed. The agent of the Aetna says no incumbrances were disclosed to him, but the court below found the fact against him, and this court cannot on the evidence before it reverse that finding.

The allegation that the conveyance to Mrs. Hickman was in fraudulent trust for Mrs. Bowen is not sustained, and the judgments in favor of Mrs. Hickman must be affirmed.

The only defense relied upon to the policy insuring the personal property of Mrs. Bowen is that the policy was assigned to Mrs. Hickman before the loss without the knowledge or consent of the company. The policy contains a provision that "if this policy shall be assigned before a loss without the consent of the company indorsed hereon" the policy shall be void. It is not claimed that the written consent of the company to the assignment was ever obtained, but there is evidence conducing to prove that the agent who issued the policy had knowledge of and assent to the assignment.

Two or three witnesses swore that such consent was given, and the agent swore it was not given. The court below found that he did consent, and that finding will not be disturbed.

The validity of contracts must be determined by law, and not by stipulation between the parties, and although parties may agree that a contract which they have voluntarily reduced to writing shall not be altered or modified unless the agreement for such alteration or modification be evidenced by writing, yet a subsequent agreement by parol to alter or modify will be as valid as if no such stipulation had been in the written memorial of the original contract. And it follows that, having consented by parol to the transfer, the company is as much bound as if its consent were in writing. It results, therefore, that the judgment in favor of Gaddis & Co. must be affirmed so far as the appellants are concerned.

Counsel for Mrs. Hickman claims that the court erred in adjudging the proceeds of the policy to Mrs. Bowen to her creditors, and insists that such proceeds should have been adjudged to Mrs. Hickman. But no such question is or can be presented on this appeal. No cross-appeal by her against her co-appellees, Gaddis & Co., will lie. Such appeals can only be prosecuted by appellees against appellant.

The judgments must be affirmed on both the original appeals.

*B. D. Smalley, A. Duvall, for appellant.*

*E. W. Hawkins, for Gaddis & Co.; F. M. Webster for Bowen, Etc., appellees.*